Reuben D. Nathan, Esq. (SBN: 208436)
rnathan@nathanlawpractice.com
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Hwy., Suite 200
Newport Beach, California 92663
TEL: (949) 270-2798
FAX: (949) 209-0303

Attorneys for Plaintiff, JOSEPH JAMIESON, EDUARDO SANDOVAL, and the Proposed Class

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| JOSEPH JAMIESON and EDUARDO SANDOVAL on behalf of themselves and all similarly situated persons, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC.<br><br>Defendants. | Case No.:<br><br><u>CLASS ACTION</u><br><br>**CLASS ACTION COMPLAINT** |

COMES NOW PLAINTIFFS JOSEPH JAMIESON, EDUARDO SANDOVAL AND HEREBY ALLEGES THE FOLLOWING:

1. The allegations in this complaint, stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF THE ACTION

2. This putative class action is brought by Plaintiffs JOSEPH JAMIESON ("JAMIESON") and EDUARDO SANDOVAL ("SANDOVAL") (collectively referred to as "Plaintiffs") against Defendant HOME DEPOT U.S.A., INC. (hereinafter referred to as "HOME DEPOT"), and each of them for damages sustained by Plaintiffs, based on the HOME DEPOT'S wrongful actions and include the following causes of action: (1) Reimbursement of Expenses; and (2) Unfair Business Practices.

## THE PARTIES

3. Plaintiff, JOSEPH JAMIESON is a resident of Ontario and is citizen of the State of California. Plaintiff EDUARDO SANDOVAL is a resident of Los Angeles and is a citizen of the State of California.

4. Whenever in this complaint, reference is made to "Plaintiffs," such reference shall refer to Plaintiffs JAMIESON and SANDOVAL.

5. Defendant HOME DEPOT U.S.A., INC. is a Delaware corporation with its principal place of business located in Atlanta, Georgia, and, at all times mentioned herein, whose employees that are the subject of this class action were and are employed in the State of California. On information and belief, HOME DEPOT is a publicly traded entity that employs thousands of employees throughout the United States. That the true names and capacities, whether individual, corporate, associate or otherwise of each of the Defendants designated herein as a DOE are unknown to Plaintiffs at this time, who therefore, sue said Defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same

have been ascertained. Plaintiffs are informed and believes and thereon alleges that each of the Defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages thereby to Plaintiffs as alleged herein.

6. Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over HOME DEPOT. HOME DEPOT employs non-exempt employees within the State of California.

8. This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiffs allege that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

9. Venue is proper in this District under 28 U.S.C. § 1391(a). Substantial acts in furtherance of the alleged improper conduct, including HOME DEPOT'S violations of the California Labor Code, occurred within this District.

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

10. In addition to asserting class claims, Plaintiffs assert claims on behalf of all other Class Members, pursuant to Business and Professions Code section 17200, et seq. The purpose of such claims is to require HOME DEPOT to disgorge and restore all

3
**CLASS ACTION COMPLAINT**

monies wrongfully obtained by the HOME DEPOT through their unlawful, unfair and deceptive business practices, which emanated in California, as alleged herein. A private attorneys general action is necessary and appropriate because HOME DEPOT has engaged in wrongful acts described herein as a general business practice.

## INTRODUCTION

11. Plaintiffs, upon information and belief and based upon such basis, allege that HOME DEPOT has employed hundreds of individuals, who are classified as non-exempt employees of HOME DEPOT such as Plaintiffs JAMIESON and SANDOVAL, during the class period, in an effort to operate its business. The employees that are the subject of this lawsuit, including Plaintiffs have been or are employed as non-exempt employees by HOME DEPOT within the State of California ("Class Members").

12. Plaintiffs, upon information and belief and based upon such basis, alleges that HOME DEPOT'S non-exempt employees were not reimbursed for business expenses and were subjected to unlawful and unfair business practices as a result of not reimbursing Plaintiffs and Class Members. Upon information and belief, to date, the HOME DEPOT'S illegal practices set forth herein this complaint are present and continuing.

## FACTUAL ALLEGATIONS

13. In approximately 2010 HOME DEPOT hired and employed Plaintiff JAMIESON as a non-exempt employee. During his employment with HOME DEPOT Plaintiff JAMIESON held the title and/or position of "Building and Lumber Associate." Plaintiff JAMIESON resigned from his position with HOME DEPOT located in Ontario, California in or about October 2019.

14. In approximately 2015 HOME DEPOT hired and employed Plaintiff SANDOVAL as a non-exempt employee. During his employment with HOME DEPOT, Plaintiff SANDOVAL held the title and/or position of "Deliverer," "Customer Service,"

and "Order Puller." Plaintiff SANDOVAL resigned from his position with HOME DEPOT located in Los Angeles in or about September 2021.

15. HOME DEPOT employed Plaintiffs JAMIESON and SANDOVAL and all other similarly situated persons as non-exempt employees who were employed within the State of California.

16. During the relevant time frame, HOME DEPOT compensated Plaintiffs and Class Members based upon an hourly rate.

17. While performing their duties to HOME DEPOT, Plaintiffs and Class Members were/are regularly required to use their personal cell phones in order to discharge their duties for HOME DEPOT to meet the demands of their job. Plaintiffs and Class Members were/are required to use their personal cell phones for HOME DEPOT to make and/or receive calls, send and/or receive text messages, scan items, and use the calculator on their personal cell phone which was a direct consequence of Plaintiffs and Class Members' discharging their duties to HOME DEPOT. Plaintiffs and Class Members were required to use their personal cell phones on an everyday basis, throughout the day, throughout their employment with HOME DEPOT. These expenses incurred were reasonable and necessary for Plaintiffs and Class Members to perform their work for HOME DEPOT. Plaintiff and Class Members have incurred cell phone expenses in discharging their duties to HOME DEPOT and have not been reimbursed by HOME DEPOT to date.

18. Such actions and policies, as described above and further herein, were and continue to be in violation of the California Business and Professions Code section 17200, et seq. (predicate statutes, Cal. Labor Code).

## CLASS ACTION ALLEGATIONS

19. Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification.

//

5
**CLASS ACTION COMPLAINT**

20. All claims alleged herein for the California Classes arise under California law for which Plaintiffs seek relief authorized by California law.

21. Plaintiffs propose the following Classes be created:

a) All former and current non-exempt employees employed by HOME DEPOT within the State of California, at any time within four years prior to the filing of this lawsuit until the present date.

(hereinafter referred to as "Non-exempt Class").

b) All former and current non-exempt employees who incurred expenses while employed by HOME DEPOT within the State of California, at any time within four years prior to the filing of this lawsuit until the present date.

(hereinafter referred to as "Reimbursement Class")

(collectively hereinafter referred to as "Class" or "Class Members").

22. Excluded from the Class is HOME DEPOT, any entity in which HOME DEPOT has a controlling interest, any officers, directors, and shareholders of HOME DEPOT, and any legal representatives, heirs, successors, and assigns of HOME DEPOT.

23. There is a well-defined community of interest in this litigation and the Class is easily ascertainable:

a. <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The Class Members are unknown to Plaintiffs at this time. However, the Class is estimated to be greater than a hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of HOME DEPOT'S employment records.

b. <u>Typicality</u>: Plaintiffs are qualified to and will fairly and adequately protect the interests of each Class Member with whom they have a well-defined community of interest, and Plaintiffs' claims (or

defenses, if any), are typical of all Class Members as demonstrated herein.

    c. <u>Adequacy</u>: Plaintiffs are qualified to, and will fairly and adequately protect the interests of each Class Member with whom they have a well-defined community of interest and typicality of claims, as alleged herein. Plaintiffs acknowledge that they have an obligation to the Court to make known any relationship, conflict, or differences with any Class Member. Plaintiffs' attorneys and proposed Class counsel are well versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and, throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

    d. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

24. There are common questions of law and fact as to the Class that predominate over questions affecting only individual members, including but not limited to:

    a. Whether HOME DEPOT reimbursed Plaintiffs and Class Members for expenses incurred in discharging duties;

    b. Whether HOME DEPOT engaged in unlawful or unfair business practices in violation of Business and Professions Code section 17200,

et seq. by failing reimburse Plaintiffs and Class Members for expenses incurred;

c. Whether Plaintiffs and Class Members are entitled to injunctive relief to prevent the violations from continuing; and

d. The appropriate amount of damages, restitution, or monetary penalties resulting from HOME DEPOT'S violations of California law.

## **FIRST CAUSE OF ACTION**
## **REIMBURSEMENT OF ALL EXPENSES AND LOSSES**

25. Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 24 of this Complaint.

26. "An employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care." (Cal. Labor Code § 2800.)

27. "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." (Cal. Labor Code § 2802(a).)

28. "All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." (Cal. Labor Code § 2802(b).)

29. California Labor Code section 2802(c) provides: "For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

30. HOME DEPOT owes a duty to Plaintiffs and Class Members to indemnify

8

**CLASS ACTION COMPLAINT**

them for all necessary expenditures, losses, and damages suffered and incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer. HOME DEPOT continues to refuse to reimburse and indemnify Plaintiffs and Class Members for all necessary expenditures and losses incurred by them, including but not limited to, cell phone charges/expenses.

31. Plaintiff and Class Members were/are required by HOME DEPOT to use their personal cell phones to make and/or receive calls, send and/or receive text messages, scan, and use the calculator on their personal cell phone in order to discharge their duties at the direction and demands of HOME DEPOT. Plaintiffs and Class Members were required to use their personal cell phones on an everyday basis, throughout the day, throughout their employment with HOME DEPOT. These expenses incurred were reasonable and necessary for Plaintiffs and Class Members to perform their work for HOME DEPOT. Plaintiffs and Class Members have incurred cell phone expenses in discharging their duties to HOME DEPOT and have not been reimbursed by HOME DEPOT to date.

32. Plaintiffs and Class Members have incurred, and are continuing to incur, necessary expenditures and losses in direct consequence of the discharge of duties, or of obedience to HOME DEPOT'S directions as an employer, which at the time of obeying the directions, Plaintiffs and Class Members believed to be lawful.

33. The acts and omissions herein violated California Labor Code section 2802(a). Plaintiff and Class Members are entitled to attorney's fees under to California Labor Code section 2802(c).

34. Plaintiffs seeks reimbursement and indemnification for themselves, and Class Members similarly situated for all necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties, or obedience to the directions of HOME DEPOT as an employer.

35. During the relevant time period, HOME DEPOT intentionally and

improperly failed to reimburse necessary expenditures Plaintiffs and Class Members incurred.

36. Under the California Labor Code sections cited herein, Plaintiffs and Class Members are entitled to recover the necessary expenditures they incurred for the four years preceding the filing of their complaint, plus reasonable attorney's fees and costs under California Labor Code section 2802.

37. By virtue of HOME DEPOT'S unlawful failure to reimburse necessary expenditures Plaintiffs and Class Members incurred, Plaintiffs and Class Members have incurred damages in amounts presently unknown to Plaintiffs and Class Members.

38. Plaintiffs are informed and believe, and based upon that information and belief allege, that HOME DEPOT, knew or should have known Plaintiffs and Class Members were not being reimbursed for all necessary business expenditures they incurred.

39. As a direct and legal (proximate) result of HOME DEPOT'S violation of the California Labor Code, Plaintiffs and Class Members have been damaged. Under California Labor Code section 2802, Plaintiffs and Class Members are entitled to, and request reimbursement of all necessary expenditures they incurred, interest, penalties, reasonable attorney's fees, and costs, incurred in this action in an amount to be proven at or following trial of this matter.

## SECOND CAUSE OF ACTION
### VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.

40. Plaintiffs incorporate by reference and re-allege, as if fully stated herein, the material allegations set forth in paragraphs 1 through 39.

41. HOME DEPOT'S conduct, as alleged herein, including not reimbursing expenses to Plaintiffs and Class Members, and the general public has been, and continues to be unlawful and unfair, and harmful to Plaintiffs and Class Members, and the general public.

42. HOME DEPOT'S activities as alleged herein are in violation of California law, and constitute unlawful and unfair business practices in violation of Business and Professions Code section 17200, et seq., which justify the issuance of an injunction, restitution, and other equitable relief pursuant to California Business and Professions Code §17203.

43. Plaintiff and Class Members have been personally aggrieved by HOME DEPOT'S unlawful and unfair business practices as alleged herein, including, but not necessarily limited to, the loss of money or property.

44. HOME DEPOT has failed and refused to reimburse Plaintiffs and Class Members for expenses incurred, in violation of Labor Code Section 2802. HOME DEPOT violated California Business and Professions Code §17200, et seq. as a result of violating these statutory provisions, where Plaintiffs and Class Members suffered an economic hardship in order for HOME DEPOT to pursue monetary gain.

45. Plaintiffs and Class Members seek restitution for HOME DEPOT'S failure and refusal to reimburse Plaintiffs and Class Members in order for HOME DEPOT to financially benefit from its illegal and unfair practices at the expense and work of Plaintiffs and Class Members.

46. HOME DEPOT'S actions, practices, decisions, and policies have violated the California Labor Code, IWC Wage Orders, and state law, including, failing to reimburse expenses.

47. Pursuant to Business and Professions Code section 17200, et seq., Plaintiffs and Class Members are entitled to disgorgement and restitution of the reimbursement of expenses, a permanent injunction requiring HOME DEPOT to pay all outstanding reimbursement of expenses due to Plaintiffs and Class Members and stop all illegal conduct alleged in this complaint. Plaintiffs, individually, on behalf of Class Members and on behalf of the general public through their respective attorneys are serving to enforce an important right of the prompt payment of reimbursement of business

11

**CLASS ACTION COMPLAINT**

expenses to employees that affects the affecting a significant public interest.

48. Plaintiffs through this action are conferring a substantial benefit on the general public by ensuring the prompt payment for reimbursement of business expenses due to employees and a large class of persons (at this time believed to exceed 100 class members), there exists a necessity (HOME DEPOT has maintained this illegal practice for at least four years) and financial burden of private enforcement makes an award of attorney's fees appropriate pursuant to California Code of Civil Procedure §1021.5, which should not in the interest of justice be taken out of any award since any disgorgement or restitution to Plaintiffs and Class Members are owed to them as payment for reimbursement of business expenses while employed by HOME DEPOT.

## **REQUEST FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury for all issues so triable.

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and all other Class Members, pray for relief and judgment against HOME DEPOT, as follows:

1. That this action be certified as a class action;
2. That Plaintiffs be appointed as the representatives of the Class;
3. That counsel for Plaintiffs be appointed as Class Counsel;
4. For restitution and disgorgement;
5. For pre-judgment interest on any unpaid from the date such amounts were due pursuant to Labor Code sections;
6. For costs of suit incurred herein;
7. For such other and further relief as the Court may deem equitable and appropriate;
8. For reasonable attorneys' fees and costs pursuant to Code, Labor Code, including all laws;

9. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from HOME DEPOT and determined to have been wrongfully acquired by HOME DEPOT as a result of violations of Business and Professions Code section 17200 et seq.;

10. Order a complete and accurate accounting of all the compensation to which the Plaintiffs and all others who are similarly situated are entitled;

11. For an order requiring HOME DEPOT to pay restitution for its unlawful conduct in the State of California;

12. For injunctive relief including, but not limited to, an Order enjoining HOME DEPOT from continuing to engage in unlawful business practices alleged herein;

13. For general and special damages;

14. Restitution and disgorgement;;

15. Pre-judgment interest;

16. For reasonable attorneys' fees and costs; and

17. For such other and further relief as the Court deems proper.

DATED: February 4, 2022          **NATHAN & ASSOCIATES, APC**

BY: */s/ Reuben D. Nathan*
Reuben D. Nathan, Esq. (SBN: 208436)
rnathan@nathanlawpractice.com
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Hwy., Suite 200
Newport Beach, California 92663
Tel: (949) 270-2798
Fax: (949) 209-0303

Attorneys for Plaintiffs, JOSEPH JAMIESON and EDUARDO SANDOVAL

13
**CLASS ACTION COMPLAINT**